## Mac Knight Estate

*Joel Brewer,* guardian ad litem and counsel, for incompetent.

*Cecil Maidman,* Assistant Attorney General, for Commonwealth.

KLEIN, A. J., December 4, 1972.—

### CONSENT DECREE

And now, this November 29, 1972, subject to the approval and order of the court en banc, it is agreed by the parties as follows:

1. On May 31, 1972, Beatrice Mac Knight, an incompetent person, petitioned this court under the Fiduciaries Act of April 18, 1949, P. L. 512, art. VII, sec. 721, 20 PS §320.721, to set aside the confirmation of account of the Orphans' Court Division (Shoyer, J.) of January 11, 1972, and for restitution of $1,263.71 paid from her estate to the Commonwealth of Pennsylvania in partial satisfaction of its $7,778.71 claim arising under the Mental Health and Mental Retardation Act of October 20, 1966, (Spec. Sess. No. 3), P. L. 96, art. V, sec. 501, 50 PS §4501, for petitioner's care and maintenance at a State hospital for the insane, Philadelphia State Hospital at Byberry (hereinafter "Byberry"), for intermittent times from April 1, 1963, to June 23, 1970.

2. Petitioner brought this action because when her guardian, Maurice Freedman, Esq., sought discharge, no guardian or trustee ad litem was appointed pursuant to Philadelphia O. C. Div. Rule 124.1(a), and, as a result, she was afforded no opportunity to present an offsetting claim against the Commonwealth for the reasonable value of certain work and services performed by her while a patient at Byberry, to the benefit of the Commonwealth, for which she was never paid.

3. The Commonwealth agrees that under the terms of section 504 of the Mental Health and Mental Retardation Act of October 20, 1966, (Spec. Sess. No. 3) P. L. 96, art. V, 50 PS §4504, petitioner is entitled to abatement, modification, compromise or discharge of any liability arising under section 501 of the aforesaid act, to the extent of the reasonable value of unpaid work performed by her, where the effect of such work benefited the Commonwealth in reduced costs of maintenance and operation of the facility to which she was committed.

4. The Commonwealth accordingly agrees that it should have assessed the reasonable value of petitioner's unpaid work, the effect of which was to assist the Commonwealth in defraying the costs of maintaining and operating Byberry, and that the reasonable value of such work performed by petitioner during the 48 months that she was a patient at Byberry between April 1, 1963, to June 23, 1970, is $7,778.71.

5. The Commonwealth and petitioner agree that the Commonwealth will, upon approval of this decree by the court, hereby discharge any and all claims against petitioner, her estate, or any of her legally responsible relatives for all public expenses arising from her hospitalization at Byberry for the period April 1, 1963, to June 23, 1970, inclusive, and will make restitution to her estate the $1,263.71 paid by her guardian to the Commonwealth as a result of the January 11, 1972, confirmation of account of the Orphans' Court (Shoyer, J.), and that this shall be a full satisfaction of petitioner's claims against the Commonwealth.

6. The court shall retain jurisdiction until the terms of this decree are met, whereupon petitioner and the Commonwealth agree that the account of Maurice Freedman, Esq., guardian, should be confirmed nisi.

## ORDER

And now, December 4, 1972, the Commonwealth of Pennsylvania, by its counsel of record, and petitioner, Beatrice Mac Knight, by her guardian ad litem and counsel, having consented to certain intentions, findings and conclusions and to the relief provided to petitioner, Beatrice Mac Knight, the provisions of the

within consent decree between them are hereby approved and adopted and incorporated by reference herein, and it is hereby so ordered by the court en banc.